**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THOMAS JOHNSTON and JOSHUA
WELCH, on behalf of themselves
and those similarly situated,

               Plaintiffs,

vs.                                       Case No. 3:11-cv-7-J-34JRK

GATOR APPLE, LLC, a Florida limited
liability company,

               Defendant.

## **REPORT AND RECOMMENDATION**[1]

Before the Court is Plaintiffs Thomas Johnston and Joshua Welch, opt-in Plaintiff April Stafford Burkett (collectively "Plaintiff(s')"), and Defendant Gator Apple, LLC's ("Defendant('s)") Joint Motion for Court Approval of the Settlement Agreements and Dismissal With Prejudice and Incorporated Memorandum of Law (Doc. No. 29; "Motion"), filed November 3, 2011; and copies of each Plaintiff's fully executed Settlement Agreement Pursuant to the Fair Labor Standards Act (Doc. No. 30-1 at pp. 2-6 ("Johnston's Agreement"); Doc. No. 30-1 at pp. 7-11 ("Welch's Agreement"); Doc. No. 30-1 at pp. 12-16 ("Burkett's Agreement")), filed November 8, 2011.[2] This case was brought, in part, pursuant

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

[2] The parties originally attached to their Motion unexecuted copies of the various agreements (Doc. No. 29-1) but later filed executed copies (Doc. No. 30-1). All citations herein are to the executed copies.

to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). In a FLSA case for "back wage or liquidated damages," the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

In the Complaint, Plaintiffs bring four counts: recovery of overtime compensation pursuant to the FLSA (count I); recovery of minimum wages pursuant to the FLSA (count II); recovery of minimum wages pursuant to the Florida Constitution (count III); and declaratory relief in connection with the alleged FLSA violations (count IV). See generally Compl. (Doc. No. 1). This Report and Recommendation addresses the wage claims brought pursuant to the FLSA. See Lynn's Food Stores, 679 F.2d at 1353, 1355.

For the overtime compensation claim (count I), Plaintiffs seek "the payment of all overtime hours . . . , liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate." Compl. (Doc. No. 1) at 4-5. For the minimum wage claim (count II), Plaintiffs seek "unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action and any and all further relief that this Court determines to be just and appropriate." Id. at 5-6.

The parties state that although Defendant denies Plaintiffs' allegations, the parties negotiated a settlement recognizing that they "continue to disagree over the merits of the claims asserted" but "[i]f the Parties were to continue to litigate this matter, they would be

forced to engage in costly litigation in order to prove their claims and defenses." Motion at 1-2, 4. The parties represent "there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter," and "the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims." Id. at 4. The parties agree that the settlement represents a "fair and reasonable" resolution of Plaintiffs' FLSA claims and request that the Court find the same. Id. at 2, 5. The parties also ask the Court to dismiss this action with prejudice. Id. at 5.

In compromise, Defendant agrees to pay Plaintiffs the following amounts: $2,250 to Plaintiff Johnston; $6,400 to Plaintiff Welch; and $1,850 to Plaintiff Burkett. Johnston Agreement at 1-2; Welch Agreement at 1-2; Burkett Agreement at 1-2. In addition to those amounts, Defendant will pay a total of $3,000 for Plaintiffs' attorney's fees and costs. Johnston Agreement at 1-2; Welch Agreement at 1-2; Burkett Agreement at 1-2. According to the Motion, all three Plaintiffs "acknowledge that this settlement provides for full and fair payment for all wages to which they may be entitled as alleged in the Complaint"; consequently, it is suggested that judicial scrutiny of their settlement is not required. Motion at 3 (citation omitted). The contention that each Plaintiff received full and fair payment for claimed wages cannot be reconciled with Plaintiffs' Answers to Court's Interrogatories (Doc. No. 12-1), in which each of them sought more damages than the amounts for which they ultimately settled. Compare Johnston's Answers (Doc. No. 12-1 at pp. 2-3) (claiming $7,074 in wages and liquidated damages) with Johnston Agreement at 1-2 (settling for $2,250 plus attorney's fees); compare Welch's Answers (Doc. No. 12-1 at pp. 4-6) (claiming $19,440 in

3

wages and liquidated damages) <u>with</u> Welch Agreement at 1-2 (settling for $6,400 plus attorney's fees); <u>compare</u> Burkett's Answers (Doc. No. 12-1 at pp. 6-7) (claiming $5,722.08 in wages and liquidated damages) <u>with</u> Burkett Agreement at 1-2 (settling for $1,850 plus attorney's fees). Thus, Plaintiffs indeed have compromised their FLSA claims and judicial scrutiny of the settlement is required.

In light of the parties' representations regarding their investigation and exchange of information prior to reaching the settlement, the Court finds that by compromising their wage claims, Plaintiffs have not impermissibly waived their statutory rights under the FLSA. <u>See</u> <u>Lynn's Food Stores</u>, 679 F.2d at 1354. Regarding the award of attorney's fees, the parties "stipulate to the reasonableness of the proposed [attorney's] fees" and represent that the fees were negotiated separately from Plaintiffs' settlement. Motion at 5 (citation omitted); <u>see</u> <u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). Upon review of the parties' papers and the remainder of the file, the Court finds that this settlement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the Fair Labor Standards Act. <u>Lynn's Food Stores</u>, 679 F.2d at 1355.[3] Accordingly, it is

**RECOMMENDED**:

---

[3] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorneys' fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" <u>King v. My Online Neighborhood, Inc.</u>, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting <u>Perez v. Nationwide Protective Servs.</u>, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiffs' counsel constitutes a reasonable hourly rate in this or any applicable market.

1. That the Joint Motion for Court Approval of the Settlement Agreements and Dismissal With Prejudice and Incorporated Memorandum of Law (Doc. No. 29) be **GRANTED**.

2. That the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement.

3. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 21, 2011.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record